IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jason Jones,                                    :

             Plaintiff              :       Civil Action 2:11-cv-00551

   v.                                           :       Judge Marbley

Warden Ross Correctional Institution,           :       Magistrate Judge Abel
*et al.*,

                       :

             Defendants


**ORDER**

Plaintiff Jason Jones, a state prisoner, brings this action alleging that defendants Rob Jeffreys, Ross Correctional Institution Warden; Ross Correctional Institution Institutional Inspector Witter, Ross Correctional Institution Lt. Lungsford; Ross Correctional Institution Lt. Morison, and Ross Correctional Institution Lt. Powers conspired under color of state law to deprive plaintiff Jones of his constitutional right to be free from cruel and unusual punishment.  This matter is before the Court on plaintiff Jason Jones' July 6, 2011 objections to Magistrate Judge Abel's June 24, 2011 Initial Screening Report and Recommendation that the complaint be dismissed because it fails to state claim under 42 U.S.C. § 1983.

Plaintiff asks the Court to permit him to elaborate on his claims against defendants. He alleges that on multiple occasions, defendants Lungsford, Morison, and

1

Powers, acting in there official and individual capacities, knowingly placed him in harm's way by moving him to housing units that were dangerous to him. Plaintiff maintains that this was done in an attempt to kill or seriously injure him. From May 8, 2009 to the present time, defendants have sexually harassed and oppressed plaintiff. Defendants have placed hits on plaintiff by paying inmates with tobacco and sex. Plaintiff has received multiple injuries, including the partial loss of vision in one eye. Defendants Jeffrey and Witter have failed to perform their duties and are aware that plaintiff is in imminent danger. Defendants Jeffrey and Witter have failed to take corrective action to address the risk faced by plaintiff.

The Magistrate Judge screened this case pursuant to the Prison Litigation Reform Act, 28 U.S.C. §1915A(b), which requires that the court review prisoners' complaints and determine if they are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  The Magistrate Judge concluded here that plaintiff had failed to state a claim upon which relief may be granted, and that the complaint should therefore be dismissed.  *See* doc. 4. It is the law of the Sixth Circuit that district courts are not to permit plaintiffs to amend a complaint to avoid dismissal under 28 U.S.C. §1915(e)(2). *Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999), citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).  *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Accordingly, the Court cannot consider plaintiff's additional allegations outlined in his objections.

2

Upon *de novo* review in accordance with the provisions of 28 U.S.C. §636(b)(1)(B), the Court **ADOPTS** the Report and Recommendation and **DISMISSES** plaintiff Jason Jones' complaint.

The Clerk of Court is **DIRECTED** to enter **JUDGMENT** for defendants Rob Jeffreys, Ross Correctional Institution Warden; Ross Correctional Institution Institutional Inspector Witter, Ross Correctional Institution Lt. Lungsford; Ross Correctional Institution Lt. Morison, and Ross Correctional Institution Lt. Powers.  This action is hereby **DISMISSED.**

 s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge

3